**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

<table>
<tr><td>

Arigna Technology Limited,

Plaintiff,

v.

Longford Capital Fund III, LP and
Susman Godfrey L.L.P.,

Defendants.

</td><td>

Case No. 4:26-2475

</td></tr>
</table>

**PLAINTIFF ARIGNA TECHNOLOGY LIMITED'S ORIGINAL COMPLAINT**

Plaintiff Arigna Technology Limited ("Arigna") files this Original Complaint (the "Complaint") against Defendants Longford Capital Fund III, LP ("Longford") and Susman Godfrey L.L.P. ("Susman") (Longford and Susman, collectively, "Defendants"), and respectfully shows as follows:

**Parties**

1.      Arigna is an Irish entity with its principal place of business in Dublin, Ireland. For diversity jurisdiction purposes, Arigna is an alien.

2.      Longford is a Delaware limited partnership with its principal place of business at 35 West Wacker Drive, Suite 3700, Chicago, Illinois 60601. Longford has previously represented that the general partner of Longford is Longford Investment Group, LLC, which is a Delaware limited liability company. Longford has also previously indicated that it has 180 beneficial owners and that 3% of Longford is beneficially owned by non-United States persons. Upon information and belief, Longford has approximately 180 limited

1

partners, and at least some of Longford's limited partners are comprised of corporations, limited partnerships or limited liability companies at least one of whom is an alien. Accordingly, for diversity jurisdiction purposes, Longford is an alien. Because both Arigna and Longford are aliens, diversity jurisdiction is not present. Longford may be served with process through its registered agent, Cogency Global, Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904, or wherever it may be found.

3.      Susman is a Texas limited liability partnership with its principal place of business at 1000 Louisiana, Suite 5100, Houston, Texas 77002. At least one of Susman's limited partners is a Texas citizen, making Susman a Texas citizen for diversity jurisdiction purposes. Susman may be served with process at 1000 Louisiana, Suite 5100, Houston, Texas 77002, or wherever it may be found.

### Jurisdiction and Venue

4.      The Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Arigna alleges that, because the District of Delaware vacated the order that compelled Arigna to arbitrate, federal common law requires that the Court vacate the arbitration's orders and awards. *See Badgerow v. Walters*, 596 U.S. 1, 9 (2022) (for actions brought under §§ 9-10 of the Federal Arbitration Act, a plaintiff must allege an "independent jurisdictional basis"—"[i]f [the application] alleges that federal law (beyond sections 9 or 10 itself) entitles [the plaintiff] to relief, then § 1331 gives the court federal-question jurisdiction."); *Hood v. Memphis*, 570 F.3d 625, 627 n.1 (5th Cir. 2009) (Section 1331 provides jurisdiction

2

when "federal common law [applies] to the dispute").[1]

5.    The Court also has subject-matter jurisdiction pursuant to 9 U.S.C. § 203, which provides federal jurisdiction over actions to confirm or vacate an arbitral award governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"). *See Scandinavian Reins. Co. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) ("9 U.S.C. § 203 [] provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the" New York Convention); 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States."). Because Arigna is an Irish corporation and the alleged agreement to arbitrate (i) arises out of a commercial relationship and (ii) sets arbitration in the United States, the arbitration at issue is governed by the New York Convention. *See Sedco, Inc. v. Petroleos Mexicanos Mex. Nat'l Oil Co.*, 767 F.2d 1140, 1144-45 (5th Cir. 1985) (New York Convention applies if arbitration clause involves a non-American party, arises out of a commercial relationship, and provides for arbitration in the territory of a Convention signatory); 9 U.S.C. § 202 ("An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention."); *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d

---

[1]    *See also United States v. Munsingwear*, 340 U.S. 36, 39 n.2 (1950) (when case became moot on appeal, "standard disposition" was reversal or vacatur, without reliance on a statute to justify vacatur); *U.S. ex rel. Mertz v. Hardy*, No. 12-4174, 2013 WL 5163189, at *19 (N.D. Ill. Sept. 13, 2013) (characterizing *Munsingwear* vacatur as a "federal common-law rule"); *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. ---, 2026 WL 501733, at *5 (Feb. 24, 2026) (judgment "must be vacated" when district court improperly relied on diversity jurisdiction, without reliance on a statute to justify vacatur).

327, 339 (5th Cir. 2004) (U.S. is a signatory to New York Convention); 9 U.S.C. § 201 (the New York Convention "shall be enforced in United States courts in accordance with this chapter").

6.    As with the vacated District of Delaware case, *Arigna Tech. Ltd. v. Longford Cap. Fund, III, LP*, No. 23-1441 (D. Del.) ("Delaware Action"), this Court <u>cannot</u> rely on diversity jurisdiction because both Arigna and Longford are aliens. *See* Delaware Action, ECF No. 59 at 1-2 (stipulation and Order recognizing same).[2]

7.    The Court may exercise personal jurisdiction over Longford and Susman because (i) they participated in the arbitration administered by JAMS Houston, (ii) the alleged arbitration agreement chose Houston courts exclusively for the enforcement or vacatur of arbitration awards, (iii) Susman is based in Houston (and is a Texas resident and citizen), and (iv) as noted in Paragraph 9 below, Longford filed a petition to enforce the arbitration award in Houston Business Court. *See Longford Cap. Fund III, LP v. Arigna Technology Ltd.*, No. 26-BC11A-0010 (11th Business Court, Harris County). As such,

---

[2]    As noted in Paragraph 35 below, after Longford disclosed its status as an alien, destroying diversity jurisdiction, there was no basis for the District of Delaware to exercise subject-matter jurisdiction over the Delaware Action. Arigna's Delaware Complaint, as pleaded, did not implicate either § 1331 federal-question jurisdiction (because the Complaint did not rely on a federal statute or federal common law) or § 203 jurisdiction (because the Complaint did not seek, e.g., to confirm an arbitral award). Instead, the Delaware Complaint relied on diversity jurisdiction to plead a state-law, declaratory-judgment claim. *See* Delaware Action, ECF No. 10, ¶¶ 1, 4, 18. Longford's responsive motion to compel arbitration (Delaware Action, ECF No. 17), even if construed as a counterclaim (which it was not), did not alter the jurisdictional analysis. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, n.9 ("The well-pleaded complaint rule applies to original jurisdiction of the district courts as well as to their removal jurisdiction."). The District of Delaware thus never had subject-matter jurisdiction over the Delaware Action and dismissed the case on that basis. *See* Delaware Action, ECF No. 59.

Defendants have consented to or are subject to this Court's personal jurisdiction with respect to this Complaint which, among other things, seeks to vacate the January 28, 2026 Final Decision of the JAMS Arbitration Appeal Panel and related July 16, 2025 Final Award.

8.    Venue is proper in this Court because (i) all or a substantial part of the events or omissions giving rise to the suit occurred in Houston, and (ii) the alleged arbitration agreement (a) sited arbitration in Houston, and (b) set exclusive venue to challenge or confirm any award in the state or federal courts in Houston, Texas. *See* 28 U.S.C. § 1391(b)(2); 9 U.S.C. § 204.

### Related Cases

9.    Longford recently filed a petition to confirm the arbitration award that is the subject of this Complaint in Texas Business Court.[3] *See Longford Cap. Fund III, LP v. Arigna Technology Ltd.*, No. 26-BC11A-0010 (11th Business Court, Harris County). Arigna is contemporaneously removing Longford's Business Court action to this Court, and will disclose this case as a related case in that removal filing.

10.    Arigna files this Complaint at least (i) to include Susman in the case as a Defendant (Susman is not a party to the Business Court action); (ii) to ensure that both Longford and Susman are served with notice of the Complaint and Arigna's forthcoming Application and Motion to Vacate Arbitration Award within the three-month deadline (as required by 9 U.S.C. § 12); and (iii) in the event that the Business Court lacked jurisdiction

---

[3]    Arigna originally filed a petition for vacatur in Texas state court but non-suited that petition, without prejudice, in favor of the instant Complaint. *See Arigna Tech. Ltd. v. Longford Cap. Fund III, LP*, No. 202605917 (281st Judicial District, Harris County).

over Longford's case (i.e., in view of this Court indisputably having jurisdiction over this Complaint and Arigna needing to file its forthcoming Application and Motion to Vacate Arbitration Award in a court with jurisdiction over the parties within the relevant three-month deadline).

**Facts**

11.　Arigna incorporates the foregoing paragraphs by reference as if fully set forth herein.

12.　On August 24, 2020, Arigna and Susman entered into an engagement agreement (the "Original Engagement Agreement") wherein Susman agreed to represent Arigna concerning the enforcement of specific patents owned by Arigna. The Original Engagement Agreement contained a "Dispute Resolution" clause calling for JAMS arbitration in Houston, Texas.

13.　On August 25, 2020, Susman and Longford entered into a Funding Agreement (the "Funding Agreement"), which related to the funding of certain Susman fees and costs associated with Arigna's patent enforcement campaigns.

14.　On July 9, 2021, Arigna and Susman entered into an amended engagement agreement (the "Amended Engagement Agreement") wherein Susman agreed to represent Arigna concerning the enforcement of additional patent rights owned by Arigna and specified in the Amended Engagement Agreement. The Amended Engagement Agreement was made subject to the "Dispute Resolution" provisions in the Original Engagement Agreement.

15.　In late 2023, a dispute arose between Arigna, Susman, and Longford concerning how much Longford was owed in view of a multiparty settlement agreement that

Arigna and a number of other parties entered into with a third party who was a defendant in multiple patent infringement lawsuits. More particularly, the dispute involved determining how much of the third party's settlement payment constituted "Proceeds" under the Amended Engagement Agreement and/or the Funding Agreement. Longford was only entitled to receive a share of the defined term "Proceeds." Longford claimed entitlement to its share based on the full settlement payment amount, despite the fact that the settlement (and thus, the related settlement payment) involved not only Arigna, but numerous entities and individuals who (i) were not represented by Susman, (ii) were not funded by Longford, and (iii) owned their own patents that were not the subject of the Funding Agreement, the Original Engagement Agreement, or the Amended Engagement Agreement. Arigna and Susman, on the other hand, took the position that Longford's share had to be calculated based on an amount less than the full settlement payment. After the parties' dispute arose, Arigna deposited $5.53 million (the full amount that Arigna received from the settlement payment) into Susman's escrow account (the "Deposit"), which constituted the maximum amount that Arigna believed that Longford could be entitled to from the settlement payment.

16.    On December 18, 2023, Arigna filed a Complaint seeking declaratory relief concerning a UCC-1 financing statement that Longford filed that purported to perfect a first-priority security interest in certain settlement "Proceeds."[4] *See* Delaware Action, ECF

---

[4]    Arigna filed the Delaware Action in federal court based on diversity jurisdiction because Arigna, at that time, believed that Arigna and Longford were diverse from one another. As noted in Paragraph 35 below, that belief turned out to be incorrect and resulted in the dismissal of the Delaware Action for lack of subject-matter jurisdiction.

No. 10.

17.    On January 8, 2024, Longford filed a Statement of Claim with JAMS against Arigna and Susman.

18.    On March 14, 2024, JAMS advised that, "[i]n light of Arigna's objection [to this arbitration], at this time JAMS will not proceed as to Arigna." JAMS further advised that, if "a court compels Arigna to participate in this arbitration, JAMS will resume administration as to Arigna."

19.    On June 5, 2024, the Delaware district court granted Longford's Motion to Compel Arbitration. *See* Delaware Action, ECF No. 56. The district court found, among other things, that "Defendant [Longford], as a third-party beneficiary to the Engagement Agreement, can enforce the Engagement Agreement's arbitration provision." *Id.* at 14. The Court ordered that Longford's "Motion to Compel Arbitration (D.I. 17) is GRANTED, and this matter is STAYED pending resolution of the question of arbitrability by an arbitrator[.]" *Id.* at 15.

20.    On July 17, 2024, Arigna filed, in the JAMS arbitration, its Objection to Arbitration, Answer to Longford's Statement of Claim, and Conditional Counterclaims Against Longford. In its pleading, Arigna (i) objected to the Arbitration, (ii) objected to the arbitrator deciding the arbitrability question, and (iii) objected to the arbitration being administered by JAMS in Houston, Texas.

21.    On August 20, 2024, the assigned JAMS Arbitrator, the Honorable Glen Ashworth (Ret.), issued an Interim Ruling finding and ordering that (i) Arigna's objection to the arbitration was denied, (ii) the issues raised in the arbitration, including arbitrability, shall be determined by the arbitrator and were arbitrable, and (iii) the arbitration is

properly administered by JAMS in Houston, Texas.

22.    On November 21, 2024, Arigna and Susman executed a "Stipulation and Agreed Order" wherein, among other things, Susman agreed that, "[a]bsent Arigna's written consent, the Deposit will remain in Susman's trust account until the issuance of a final, non-appealable Order."

23.    On November 26, 2024, the Arbitrator entered the "Stipulation and Agreed Order" which required (absent Arigna's written consent) Susman to retain the Deposit in its trust account until the issuance of a final, non-appealable Order.

24.    A final arbitration hearing was held in May 2025. Longford and Arigna agreed to hold that hearing in Dallas, Texas for convenience purposes, but did not agree to alter the Original Engagement Agreement's provision mandating that "the state or federal courts in Houston, Texas, shall be the exclusive venue for any motion to confirm or vacate any arbitration award."

25.    On July 16, 2025, the Arbitrator issued a Final Award in the JAMS arbitration.[5] The Final Award found in Longford's favor. It, among other things, found for Longford and against Arigna on Longford's breach-of-contract claim, awarded Longford $32,270,196 from Arigna (as well as pre- and post-award interest), and ordered Susman to tender to Longford the sum of $5,533,132 (i.e., the amounts in Susman's escrow account that Arigna had deposited).

26.    On July 16, 2025, immediately following the issuance of the Final Award,

_____

[5]    The Arbitrator had, in an earlier interim decision, dismissed Longford's claim against Susman. And Susman and Arigna's respective claims against one another were resolved by the November 26, 2024 Stipulation and Agreed Order.

Arigna timely filed its Notice of Appeal in the arbitration,[6] thereby turning the Final Award into an award that was "no longer considered final under the applicable JAMS Rules for purposes of seeking judicial enforcement, modification, or vacatur." *See* JAMS Optional Appeal Procedures (D), available at https://www.jamsadr.com/appeal.

27.     In the Notice of Appeal, Arigna appealed the entirety of the Final Award, as well as all prior orders entered in the arbitration adverse to Arigna, including without limitation the Interim Ruling dated August 20, 2024. In the Notice of Appeal, Arigna asserted that the Final Award and the prior orders were contrary to law and fact, based on legally insufficient evidence, contained erroneous or clearly erroneous findings of fact, contained erroneous or clearly erroneous findings of law, constituted a misapplication of the law, and/or constituted an abuse of discretion. Arigna asserted that the Final Award and the prior orders being appealed contained numerous reversible errors, including without limitation, when:

    a.    finding that the parties' dispute was subject to arbitration;

    b.    finding that the parties' dispute was subject to JAMS arbitration;

    c.    finding that the Funding Agreement was the relevant governing contract;

    d.    finding that Arigna had "Affiliates" under the Funding Agreement;

    e.    finding that the full settlement payment from the third party

---

[6]    Arigna had the contractual right to appeal the Final Award pursuant to the JAMS Optional Arbitration Appeal Procedures because the award was $5 million or more (inclusive of interest), and the relevant Dispute Resolution provision allowed any party to appeal such an award.

constituted "Proceeds" under the Funding Agreement;

f.      finding that Arigna was liable to Longford on Longford's breach-of-contract claim;

g.      finding that Longford had not waived its arguments and breach-of-contract claim through its past conduct;

h.      instructing Susman to release the Arigna amounts held in escrow prior to the issues disputed in the Arbitration being resolved in a final non-appealable Order;

i.      failing to address several of Arigna's defenses or affirmative defenses, including without limitation Arigna's defenses or affirmative defenses of unclean hands, acquiescence, violation of public policy, illegality, unenforceability, and unconscionability; and

j.      ruling against Arigna on Arigna's counterclaims.

28.    Arigna and Longford then began the JAMS appellate process, and a JAMS Appellate Panel was ultimately selected.

29.    On July 30, 2025, in the JAMS appellate proceeding, Longford filed a Motion for Interim Relief, asking the JAMS Appellate Panel to require (i) Arigna to post $36,108,735.81 into escrow (or to post a bond or other security sufficient to cover this amount) pending the conclusion of Arigna's JAMS appeal and (ii) Susman to release $5,533,132 currently held in escrow to Longford. Longford additionally requested that the JAMS Arbitration Panel not allow Arigna to continue its appeal if Arigna did not post the $36.1 million. Longford had never previously sought to require Arigna to post $36,108,735.81 into escrow, nor had Longford previously filed any motion seeking to

11

require Susman to release the $5.53 million Deposit. Arigna opposed the motion.

30.    On October 10, 2025, the JAMS Appellate Panel issued its Interim Decision. The Panel denied Longford's request that Susman release the $5,533,132, but granted Longford's request that Arigna be required to deposit the $36.1 million into an escrow account pending the conclusion of the JAMS Appeal.

31.    On October 16, 2025, Arigna filed a Motion for Reconsideration, Clarification, and Stay of the Appellate Panel's October 10, 2025 Interim Decision. In that motion, Arigna sought, among other things, reconsideration of the JAMS Appellate Panel's decision requiring Arigna to deposit $36.1 million and clarification that Arigna could still continue its JAMS appeal if Arigna did not deposit the $36.1 million. Longford opposed.

32.    On October 29, 2025, the JAMS Appellate Panel denied-in-part and granted-in-part Arigna's motion. The Panel denied Arigna's reconsideration request and clarification request. The Panel granted Arigna until November 17, 2025 to deposit the $36.1 million into escrow.

33.    Arigna did not have $36.1 million to deposit by November 17, 2025, as it had only received $5.53 million of the settlement payment—i.e., the portion of the payment attributable to its claims against the third party. And Arigna had already deposited the $5.53 million that it had received into Susman's escrow account. Accordingly, Arigna did not deposit $36.1 million by the November 17, 2025 deadline, and Arigna so advised Longford and the JAMS Appellate Panel on November 17, 2025.

34.    On November 18, 2025, Longford filed its Motion to Dismiss Appeal, a motion premised on Arigna's failure to post the $36.1 million by the November 17, 2025 deadline. Arigna opposed the motion based on, among other things, Arigna not having $36.1

million to post (because it only received $5.53 million from the relevant settlement). On January 28, 2026, the JAMS Appellate Panel issued its Final Decision, which dismissed Arigna's appeal based on Arigna's failure to post the $36.1 million. The JAMS Appellate Panel thus declined to conduct any review of the merits of Arigna's appeal.

35.     In the Delaware Action, it ultimately turned out that Longford failed to comply with its Federal Rule of Civil Procedure 7.1 obligation to "identify the citizenship [] of every individual or entity whose citizenship is attributed to" Longford, as Longford failed to disclose the names and citizenships of its limited partners. After the arbitration concluded, Arigna raised the issue of whether Longford had foreign partners with Longford, and Longford admitted that it had foreign partners. Longford further agreed that the District of Delaware had always lacked subject-matter jurisdiction over the Delaware Action, because both Arigna and Longford were aliens, defeating diversity jurisdiction (the only available ground for jurisdiction over the Delaware Action). Accordingly, on joint request and stipulation of the parties, on February 17, 2026, the Delaware court issued an Order (i) dismissing the Delaware Action for lack of subject-matter jurisdiction, and (ii) finding that, "[b]ecause the Court lacked subject-matter jurisdiction since the case's filing, all orders entered by the Court, including the Memorandum Order [i.e., the Order requiring Arigna to arbitrate], were void *ab initio*, hereby vacated, and have no binding force and effect." *See* Delaware Action, ECF No. 59.

36.     With its Complaint,[7] Arigna seeks, among other things, vacatur of the JAMS

---

[7]    Arigna does not attach confidential materials to this public Complaint. Instead, Arigna intends to file an Application and Motion to Vacate Arbitration Award and request that this Court allow Arigna to file portions of that pleading under seal.

Appellate Panel's Final Decision and the Arbitrator's Final Award, as well as declaratory relief regarding Arigna's rights vis-à-vis Defendants to the Deposit.

### Count I
### (Vacatur)

37. Arigna incorporates the foregoing paragraphs by reference as if fully set forth herein.

38. The JAMS Appellate Panel's Final Decision and the Arbitrator's Final Award should be vacated for numerous reasons, including one or more of the following reasons:

   a. the district court in the Delaware Action lacked subject-matter jurisdiction over the case and, accordingly, the court's order compelling the parties to arbitrate and the arbitration itself, as well as the decisions of the arbitrators in the JAMS arbitration, including the JAMS Appellate Panel's Final Decision and the Arbitrator's Final Award, are void, *see, e.g.*, Tex. Civ. Prac. & Rem. Code § 171.088(a); 9 U.S.C. § 10(a); *Wilson v. Kemper Corp. Services, Inc.*, 134 F.4th 339, 348 (5th Cir. 2025) ("Here, the district court lacked subject matter jurisdiction from the start. This, in turn, vitiates its order compelling arbitration, the arbitration itself, and its confirmation of Defendants-Appellees' arbitral award.");

   b. the JAMS Appellate Panel's Final Decision and the Arbitrator's Final Award suffered from those defects noted in Paragraph 27, above;

   c. the JAMS Appellate Panel's Final Decision and the Arbitrator's Final

Award were rendered in manifest disregard of the law;

d.    the JAMS Appellate Panel's Final Decision and the Arbitrator's Final Award were arbitrary and capricious;

e.    Arigna's rights were prejudiced by misconduct or wilful misbehavior of an arbitrator;

f.    the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;

g.    the arbitrators exceeded their powers; refused to hear evidence material to the controversy; or conducted the hearing in a manner that substantially prejudiced the rights of Arigna;

h.    the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made;

i.    there was no agreement that allowed Longford to arbitrate its dispute against Arigna, or to do so before JAMS in Houston, Texas;

j.    there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B of the Texas Civil Practice & Remedies Code, Chapter 171, and Arigna did not participate in the arbitration hearing without raising the objection;

k.    the JAMS Appellate Panel's Final Decision and the Arbitrator's Final

Award were fundamentally unfair or violated public policy; and/or

l.      the JAMS Appellate Panel's Final Decision and the Arbitrator's Final Award violated Arigna's due-process rights.

39.     This Court should vacate the JAMS Appellate Panel's Final Decision and the Arbitrator's Final Award, enter judgment in Arigna's favor as to Defendants, and require Susman to return the $5.53 million Deposit to Arigna.

## Count II
## (Declaratory Judgment)

40.     Arigna incorporates the foregoing paragraphs by reference as if fully set forth herein.

41.     Arigna seeks a declaratory judgment requiring Susman to maintain the $5.53 million Deposit in escrow pending the final non-appealable conclusion of this litigation (i.e., pending the entry of a final, non-appealable Order that concludes this litigation).

42.     Should the Court vacate the JAMS Appellate Panel's Final Decision and the Arbitrator's Final Award, Arigna seeks a declaratory judgment that the $5.53 million belongs to Arigna and that Susman is required to return the $5.53 million to Arigna.

## Prayer for Relief

43.     Arigna respectfully requests that the Court enter a judgment in Arigna's favor and against Defendants with the judgment finding that:

a.      the JAMS Appellate Panel's Final Decision and the Arbitrator's Final Award shall be vacated;

b.      the $5.53 million shall be held in Susman's escrow account pending the entry of a final, non-appealable Order that concludes this

16

litigation and ultimately be distributed to Arigna should Arigna suc-

ceed in this litigation;

c.      Arigna shall be allowed to recover its attorney's fees, costs and ex-

penses as may be permitted by law; and

d.      Arigna shall receive such other and further relief, general and special,

at law or in equity, to which it may be justly entitled or that the Court

deems just and equitable.

Dated: March 27, 2026

Respectfully submitted,

STEVEN CALLAHAN
 Attorney-in-Charge
 Texas State Bar No. 24053122
 S.D. Tex. Bar No. 624715
 scallahan@ccrglaw.com
ANTHONY M. GARZA
 Texas State Bar No. 24050644
 S.D. Tex. Bar No. 923733
 agarza@ccrglaw.com
CHRISTOPHER T. BOVENKAMP
 Texas State Bar No. 24006877
 S.D. Tex. Bar. No. 23917
 cbovenkamp@ccrglaw.com
**CHARHON CALLAHAN**
**ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Plaintiff*
*Arigna Technology Limited*

18